The Honorable Shane Broadway State Senator 201 Southeast Second Street Bryant, AR 72022-4025
Dear Senator Broadway:
I am writing in response to your request for my opinion on the following questions:
 1. Would either Article 12, Section 4 or Article 12, Section 5 of the Arkansas Constitution prohibit a county from carrying over accrued compensation time from year to year?
 2. Is there any other provision of Arkansas law that would prohibit a county from carrying over accrued compensatory time of its employees from year to year?
In conjunction with your request, you note that 29 CFR Part 553, which is a regulation enabling the federal Fair Labor Standards Act, "authorizes a county to provide compensatory time off in lieu of monetary overtime compensation to its employees."
RESPONSE
In my opinion, the answer to both of your questions is "no." However, the number of hours that an employee may carry over is capped under the federal Fair Labor Standards Act, 29 U.S.C. § 207(o)(3). *Page 2 
Question 1: Would either Article 12, Section 4 or Article 12, Section 5of the Arkansas Constitution prohibit a county from carrying overaccrued compensation time from year to year?
Article 12, § 4 of the Arkansas Constitution provides in pertinent part:
 The fiscal affairs of counties, cities and incorporated towns shall be conducted on a sound financial basis, and no county court or levying board or agent of any county shall make or authorize any contract or make any allowance for any purpose whatsoever in excess of the revenue from all sources for the fiscal year in which said contract or allowance is made[.]
Article 12, § 5 of the Arkansas Constitution further provides in pertinent part:
 No county, city, town or other municipal corporation shall . . . obtain or appropriate money for, or loan its credit to, any . . . individual.
At issue, in my estimation, is whether the carryover from one year to the next of accrued compensation time — i.e., accumulated, unused time off with pay — offends either of these constitutional provisions. In my opinion, it does not.
Both of the above recited constitutional provisions preclude a county from incurring financial obligations in any given fiscal year in excess of revenues for that year. As a purely logical proposition, a carryover of unused time off does not implicate the financial condition of a county either in the year in which the time off accrues or in the year in which the time off is taken. So long as the employee's salary in each year does not result in the county's exceeding the revenues for that year, the above recited constitutional provisions would not apply.
In my opinion, a county's authorizing a carryover from year to year of unused time off is consistent with the following provisions of the Arkansas Code:
 Each county quorum court in the State of Arkansas exercising local legislative authority is prohibited the exercise of the following:
 * * * *Page 3 (2) Any legislative act that applies to or affects the provision of collective bargaining, retirement, workers' compensation, or unemployment compensation. However, subject to the limitations imposed by the Arkansas Constitution and state law regarding these subject areas, a quorum court may exercise any legislative authority with regard to employee policy and practices of a general nature, including, but not limited to, establishment of general vacation and sick leave policies. . . .
A.C.A. § 14-14-805 (Repl. 1998) (emphasis added). In my opinion, the highlighted language would authorize a county to adopt a policy allowing for the carryover from one year to the next of accrued compensation time off.
I should note that a county's policy with respect to the carryover of accrued compensation time off must comport with the provisions of the Fair Labor Standards Act. As noted in Ark. Op. Att'y Gen. No. 97-142,29 U.S.C. § 207 states in pertinent part:
 (o) Compensatory time. (1) Employees of a public agency which is a State, a political subdivision of a State, or an interstate governmental agency may receive, in accordance with this subsection and in lieu of overtime compensation, compensatory time off at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required by this section.
 (2) A public agency may provide compensatory time under paragraph (1) only
 (A) pursuant to —
 (i) applicable provisions of a collective bargaining agreement, memorandum of understanding, or any other agreement between the public agency and representatives of such employees; or
 (ii) in the case of employees not covered by subclause (i), an agreement or understanding arrived at between the employer and employee before the performance of the work; and *Page 4 
 (B) if the employee has not accrued compensatory time in excess of the limit applicable to the employee prescribed by paragraph (3).
 In the case of employees described in clause (A)(ii) hired prior to April 15, 1986, the regular practice in effect on April 15, 1986, with respect to compensatory time off for such employees in lieu of the receipt of overtime compensation, shall constitute an agreement or understanding under such clause (A)(ii). Except as provided in the previous sentence, the provision of compensatory time off to such employees for hours worked after April 14, 1986, shall be in accordance with this subsection.
 (3) (A) If the work of an employee for which compensatory time may be provided included work in a public safety activity, an emergency response activity, or a seasonal activity, the employee engaged in such work may accrue not more than 480 hours of compensatory time for hours worked after April 15, 1986. If such work was any other work, the employee engaged in such work may accrue not more than 240 hours of compensatory time for hours worked after April 15, 1986. Any such employee who, after April 15, 1986, has accrued 480 or 240 hours, as the case may be, of compensatory time off shall, for additional overtime hours of work, be paid overtime compensation.
29 U.S.C. § 207(o)(1)-(3). See also 29 C.F.R. § 553.20 et seq.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely, DUSTIN McDANIEL Attorney General *Page 1